IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DERRICK ALLEN SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21CV776 |
| | ) |
| MAGISTRATE JUDGE L. PATRICK AULD, et al., | ) |
| | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff submitted a pro se civil rights Complaint along with an Application seeking leave to proceed *in forma pauperis*. "The federal *in forma pauperis statute*, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis statute* provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id.[1]  As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from defendants with immunity from such relief.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

The Complaint names United States Magistrate Judge L. Patrick Auld and Chief United States District Judge Thomas D. Schroeder, both judges with this Court, as Defendants. The only allegation against them is that Plaintiff filed approximately 65 prior cases in this Court, that Judge Auld and Judge Schroeder handled his cases, and that all of the cases were dismissed for failing to state a claim, being frivolous, or for a lack of jurisdiction. The Complaint concludes without explanation that this outcome is "clear evidence of discriminatory conduct." (Complaint, § III(C).) Plaintiff seeks $2,000,000 in damages and the removal of Defendants from a "case load." (Id. § V.)

As an initial matter, the Complaint is a frivolous attempt to circumvent proper court procedures. It alleges nothing more than the fact that Plaintiff did not receive the outcomes he desired in his prior cases. If Plaintiff believes these rulings were incorrect, the proper procedure would be to file appeal and raise any errors on appeal. Similarly, if he has grounds for seeking removal of the judges handling his cases, he can file a motion for recusal in those cases. Instead, Plaintiff filed a civil action, which is not a proper method for contesting or disputing the outcomes of the prior cases or seeking a change in judges. His filing is frivolous and should be dismissed for this reason alone.

Plaintiff's Complaint also fails to state any proper claim for relief. It alleges "discrimination" and cites only Plaintiff's losses in the prior cases as evidence. The Complaint fails to even identify what form of discrimination it alleges, much less explain why the dismissals of the prior cases support that allegation. The Complaint is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation." Therefore, it fails to state any possible claim for relief and should be dismissed for this additional reason.

Finally, the only two Defendants named in the Complaint are judges with this Court and they are named as Defendants based purely on their judicial actions. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's Complaint should be dismissed for this reason as well.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation but otherwise denied.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious, for failing to state a claim upon which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief.

This, the 2nd day of November, 2021.

                                                    /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge