UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:21-cv-776-MOC

| | |
|---|---|
| **DERRICK ALLEN, SR.,** )<br>)<br>Plaintiff, pro se, )<br>)<br>Vs. )<br>)<br>**MAGISTRATE JUDGE L. PATRICK AULD,** )<br>**DISTRICT COURT JUDGE THOMAS** )<br>**D. SCHROEDER,** )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the Honorable Joi Elizabeth Peake, United States Magistrate Judge, recommended dismissal of this action on initial review under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 6). Plaintiff has filed an objection within the time allowed. (Doc. No. 8).

### FINDINGS AND CONCLUSIONS

I. **Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised, and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections

1

that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

The Court has considered Plaintiff's objection, keeping in mind that they are authored by a pro se litigant, and has therefore read them as broadly as possible. Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as a pro se plaintiff's advocate or develop claims that a plaintiff failed to raise clearly on the face of the complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's objection does not point this Court to any specific legal error or factual determination in the Memorandum and Recommendation. Indeed, the magistrate judge correctly held that the two named Defendants in this case—U.S. Magistrate Judge L. Patrick Auld and U.S. District Court judge Thomas D. Schroeder –enjoy absolute immunity for their judicial actions.

## III. Conclusion

The Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. The Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation

(Doc. No. 6) is **AFFIRMED,** and this action is **DISMISSED** with prejudice.

This, the 10th day of November, 2021.

_____
United States District Judge

3

Case 1:21-cv-00776-MOC-JEP   Document 9   Filed 11/10/21   Page 3 of 3